UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| IN RE: Bair Hugger Forced Air Warming Products Liability Litigation | MDL No. 15-2666 (JNE/DTS) |
| This Document Relates to:<br><br>**PLAINTIFF(S)**<br><br>**Douglas MacDonald and Penny MacDonald**<br><br>VS.<br><br>**3M COMPANY AND ARIZANT HEALTHCARE, INC.** | **SHORT FORM COMPLAINT AND JURY TRIAL DEMAND** |

1. Plaintiffs Douglas MacDonald and Penny MacDonald, state and brings this civil action in MDL No. 15-2666, entitled *In Re: Bair Hugger Forced Air Warming Products Liability Litigation*. Plaintiff is filing this Short Form Complaint as permitted by Pretrial Order #8 of this Court.

## PARTIES, JURISDICTION AND VENUE

2. Plaintiff, Douglas MacDonald, is a resident and citizen of the State of Missouri and claims damages as set forth below.

3. Plaintiff's Spouse, Penny MacDonald, is a resident and citizen of the State of Missouri, and claims damages as set forth below.

4. Jurisdiction is proper based upon diversity of Citizenship.

5. Proper Venue: The District Court in which remand trial is proper and where

1

this Complaint would have been filed absent the direct filing order by this Court is

<u>Greene County Judicial Courts Facility, 31st Judicial Circuit, 1010 North Boonville, Springfield, MO, 65802.</u>

  6.  Plaintiff brings this action *[check the applicable designation]*:

 <u> X </u>  On behalf of [himself/herself];

 <u>   </u>  In a representative capacity as the <u>    </u> of the

      <u>      </u> having been duly appointed as the

      <u>     </u> by the<u>     </u>Court of

      <u>     </u>.

A copy of the Letters of Administration for a wrongful death claim is annexed hereto if such letters are required for the commencement of such a claim by the Probate, Surrogate or other appropriate court of the jurisdiction of the decedent.

*[Cross out if not applicable.]*

## FACTUAL ALLEGATIONS

  7.  On or about<u> May 13, 2014</u>, Plaintiff underwent a left total knee replacement surgery during which the Bair Hugger Forced Air Warming system (hereinafter "Bair Hugger") was used during the course and scope of [his/her] surgery at Mercy Hospital Springfield in Springfield, Missouri, by Dr.<u> Richard Seagrave, MD</u>.

  8.  Contaminants introduced into Plaintiff's open surgical wound as a

2

direct and proximate result of use of the Bair Hugger during the subject surgery resulted in Plaintiff developing a periprosthetic joint infection ("PJI"), also known as a deep joint infection ("DJI").

9. As a result of Plaintiff's infection caused by the Bair Hugger during the subject surgery on May 13, 2014, Plaintiff underwent explantation of the left knee arthroplasty, debridement and stage one antibiotic spacer insertion on July 10, 2015. The surgeon noted in the record that there was fluid in the joint during the July 10, 2015, revision and debridement surgery. The final culture results came back positive from gram positive cocci (coagulase negative staph species). He was placed on a six-week regimen of antibiotics. Dr. Seagrave took the patient back to the operating room on October 20, 2015, for a left total knee arthroplasty revision and discharged on October 22, 2015. Bair Hugger warming device #3546 was utilized during the subject total left knee arthroplasty surgery on May 13, 2014.

## ALLEGATIONS AS TO INJURIES

10. (a) Plaintiff claims damages as a result of (check all that are applicable):

| | |
|---|---|
| x | INJURY TO HERSELF/HIMSELF |
| ___ | INJURY TO THE PERSON REPRESENTED |
| ___ | WRONGFUL DEATH |
| ___ | SURVIVORSHIP ACTION |
| x | ECONOMIC LOSS |

(b) Plaintiff's spouse claims damages as a result of (check all that are applicable): [*Cross out if not applicable.*]

3

    __x__              LOSS OF SERVICES

    __x__              LOSS OF CONSORTIUM

11. Defendants, by their actions or inactions, proximately caused the injuries to Plaintiff(s).

### DEFENDANT-SPECIFIC ALLEGATIONS AND THEORIES OF RECOVERY

12. The following claims and allegations are asserted by Plaintiff(s) and are herein adopted by reference (check all that are applicable):

    __x__              FIRST CAUSE OF ACTION - NEGLIGENCE;

    __x__              SECOND CAUSE OF ACTION - STRICT LIABILITY;

            __x__        FAILURE TO WARN

            __x__        DEFECTIVE DESIGN AND MANUFACTURE

    __x__              FOURTH CAUSE OF ACTION- BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY LAW OF THE STATE OF MISSOURI, R.S. Mo.§§400.2-314(2017) et. seq.;

    __x__              FIFTH CAUSE OF ACTION- VIOLATION OF THE MINNESOTA PREVENTION OF CONSUMER FRAUD ACT;

    __x__              SIXTH CAUSE OF ACTION – VIOLATION OF THE MINNESOTA DECEPTIVE TRADE PRACTICES ACT;

    __x__              SEVENTH CAUSE OF ACTION- VIOLATION OF THE MINNESOTA UNLAWFUL TRADE PRACTICES ACT;

    __x__              EIGHTH CAUSE OF ACTION- VIOLATION OF

|   |   |
|---|---|
|   | THE MINNESOTA FALSE ADVERTISING ACT; |
| _x_ | NINTH CAUSE OF ACTION- CONSUMER FRAUD AND/OR UNFAIR AND DECEPTIVE TRADE PRACTICES UNDER LAW OF THE STATE OF MISSOURI, R.S. Mo. §§407.020, et. seq.; |
| _x_ | TENTH CAUSE OF ACTION – NEGLIGENT MISREPRESENTATION; |
| _x_ | ELEVENTH CAUSE OF ACTION- FRAUDULENT MISREPRESENTATION; |
| _x_ | TWELFTH CAUSE OF ACTION – FRAUDULENT CONCEALMENT; |
| _x_ | THIRTEENTH CAUSE OF ACTION – LOSS OF CONSORTIUM; and |
| _x_ | FOURTEENTH CAUSE OF ACTION – UNJUST ENRICHMENT. |

In addition to the above, Plaintiff(s) assert the following additional causes of action under applicable state law:

Plaintiff reserves the right to amend his Complaint to include additional causes of action under applicable state law.

_____

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff(s) pray for judgment against Defendants as follows:

1. For compensatory damages;

2. Pre-judgment and post-judgment interest;

3. Statutory damages and relief of the state whose laws will govern this action;

4. Costs and expenses of this litigation;

5. Reasonable attorneys' fees and costs as provided by law;

6. Equitable relief in the nature of disgorgement;

7. Restitution of remedy Defendants' unjust enrichment; and

8. All other relief as the Court deems necessary, just and proper.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff(s) hereby demand(s) a trial by jury as to all claims in Complaint so triable.

Dated: August 25, 2022

Respectfully submitted,

*Melissa Heinlein*
Melissa M. Heinlein (#0393119)
Lord + Heinlein Law Office
309 Clifton Avenue
Minneapolis, MN 55403
612-333-5673 (ph)
612-206-3344 (fax)
info@mnlordlaw.com (e-mail)